UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MIKE N. S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 2:26-cv-01475-GJL

SOCIAL SECURITY DISABILITY APPEAL ORDER

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 11, 12.

Having considered the Administrative Record (AR) and all memoranda, the Court concludes that the Administrative Law Judge (ALJ) did not err in concluding that Plaintiff was not disabled. Accordingly, this matter is **AFFIRMED**.

//

//

//

## I. PROCEDURAL HISTORY

On April 4, 2022, Plaintiff filed an application for Title II Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423(a). AR 69. His claim was denied initially on August 2, 2022, and upon reconsideration on August 7, 2023. AR 69, 88. The matter came on for hearing on March 28, 2024, AR 35, and on April 16, 2024, ALJ Jeffrey Holappa, entered a decision concluding that Plaintiff was not disabled. AR 14–34. The Appeals Council denied Plaintiff's request for review on September 12, 2024, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. Plaintiff then filed a Complaint in the United States District Court for the Western District of Washington on November 15, 2024. AR 852–53. On April 14, 2025, the undersigned United States Magistrate Judge entered an Order remanding the 2024 decision pursuant to a stipulation by the parties. AR 843–44. The Appeals Council remanded the matter on June 16, 2025. AR 846.

The matter came on for a second hearing on November 13, 2025, AR 805, and by decision entered January 16, 2026, ALJ Cecilia LaCara (the ALJ) entered a decision concluding that Plaintiff was not disabled. AR 784–804. On May 1, 2026, Plaintiff filed another Complaint with this Court seeking judicial review of the ALJ's decision. Dkt. 5. Defendant filed the sealed Administrative Record in this matter on June 30, 2026. Dkt. 8.

## II. BACKGROUND

Plaintiff was born on December 19, 1969, and was fifty-one years old on October 2, 2021, his alleged date of disability onset. AR 70. Plaintiff has at least a high school education. AR 260. According to the ALJ, Plaintiff suffers from the severe impairments of: degenerative joint disease of the right shoulder; post-traumatic stress disorder (PTSD); depression; anxiety; and substance abuse disorder. AR 789. The ALJ, however, found that Plaintiff was not disabled because he had the Residual Functional Capacity (RFC) through his Date Last Insured (DLI) to:

> perform medium work as defined in 20 CFR 404.1567(c) except he is limited to frequent right overhead reaching. He is able to understand, remember, and carry out simple tasks with frequent interaction with the public, coworkers, and supervisors. He can have occasional changes in the work setting.

AR 791.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if the ALJ's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

Plaintiff argues that the ALJ erred in evaluating: (1) certain medical opinion evidence; (2) his subjective symptom testimony; and (3) Plaintiff's RFC. Dkt. 11 at 1.

### A. Medical Opinion Evidence

First, Plaintiff argues that the ALJ's "rejection of Dr. Golob's opinion repeats the same error that necessitated remand and is not supported by substantial evidence." Dkt. 11 at 1.

For applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[1] Rather, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* The

[1] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R.  at § 416.920c(c)(1). A medical opinion is more "supportable," and therefore more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for their medical opinion. *Id.* "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also id.* at § 416.920c(c)(2).

Critically, an ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Dr. Golob submitted a "Treating Physician Medical Source Statement" on behalf of Plaintiff's claim on January 23, 2024. AR 666–67. In Dr. Golob's opinion, Plaintiff: can only sit and stand/walk for one hour "in an 8 hr day"; occasionally climb ladders and scaffolds, but never balance; would need to take more than two unscheduled breaks during an eight hour period; and would be absent from work more than four days per month due to his impairments. *Id.*

The ALJ found Dr. Golob's opinion was not persuasive. AR 795. As for consistency, *inter alia*, the ALJ found the opinion inconsistent with Plaintiff's "minimal engagement in

physical treatment and largely normal mental status observations in the record. These limitations are further inconsistent with [Plaintiff]'s extensive travel to include going to a college graduation, attending a fishing retreat, going on a cruise to Mexico, and traveling all over the country in his RV." AR 796.

Plaintiff argues that "[t]he Appeals Council remanded this case for the specific purpose of having an ALJ properly evaluate Dr. Golob's opinion and explain why her opined limitations, more than two unscheduled breaks per day and more than four absences per month, were or were not adopted" but that, "[r]ather than cure that deficiency, the second decision rejects Dr. Golob's opinion outright, on reasoning that does not withstand scrutiny against the same record the ALJ purports to rely on." Dkt. 11 at 9. The Court does not agree.

Specifically, Plaintiff argues that "the ALJ's decision jumps directly to consistency without ever addressing supportability" despite "Dr. Golob's own objective findings, including her own examination showing limited shoulder abduction" and "[t]his is precisely the deficiency the Appeals Council identified in the first, vacated decision[.]" Dkt. 11 at 10–11. Notwithstanding Plaintiff's argument that the ALJ did not discuss supportability, the Ninth Circuit has, nonetheless, affirmed an ALJ's decision to discredit medical opinion evidence where only one of the ALJ's "supportability" or "consistency" findings are supported by substantial evidence. *See Woods*, 32 F.4th at 793 n.4.

Assuming, *arguendo*, that the ALJ failed to discuss the supportability of Dr. Golob's opinion,[2] Plaintiff, nonetheless, does not challenge the ALJ's consistency finding, that Dr.

[2] The Court observes that, in concluding that Dr. Golob's opinion was not persuasive, the ALJ found the opinion "not supported by the minimal engagement in physical treatment and largely normal mental status observations in the record." AR 796. The Court notes that this finding more accurately goes to the "consistency" of Dr. Golob's opinion. *See* 20 C.F.R. § 404.1520c(c)(2). Similarly, the ALJ found the opinion "inconsistent with subsequent records [with Dr. Golob] from May 2025[,]" AR 796, which more accurately goes to the "supportability" of the opinion. *See* 20 C.F.R. § 404.1520c(c)(1). While the Ninth Circuit has instructed ALJ's to "endeavor to use these two terms of art—

Golob's opinion, on the whole, was "inconsistent with [Plaintiff]'s extensive travel to include going to a college graduation, attending a fishing retreat, going on a cruise to Mexico, and traveling all over the country in his RV." AR 796.[3]

Consequently, this argument is deemed abandoned. *See Nadon v. Bisignano*, 145 F.4th 1133, 1138 (9th Cir. 2025) ("Because [the claimant] failed to acknowledge these additional reasons, and therefore also failed to challenge the ALJ's reliance on them . . . [the claimant] forfeited the argument . . . ."). For this reason, the Court concludes that the ALJ did not commit harmful error in concluding that Dr. Golob's opinion inconsistent with the record as a whole and was, therefore, not persuasive.

**B. Subjective Symptom Testimony**

Next, Plaintiff argues that the ALJ erred in evaluating Plaintiff's subjective symptom testimony. Dkt. 11 at 11–13.

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citation omitted). The first step requires an ALJ to determine "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation omitted). This objective medical evidence does not have to corroborate the severity of the alleged symptoms,

---

'consistent' and 'supported'—with precision[,]" the Court notes that ALJ's in this jurisdiction repeatedly to fail to do so, *years* after the Ninth Circuit's instruction in *Woods*. *See Woods*, 32 F.4th at 793 n.4.

[3] Elsewhere in his Opening Brief, as will be discussed in the subjective symptom testimony analysis, *infra*, Plaintiff argues that these findings "rest on a mischaracterization of Plaintiff's isolated travel activities." Dkt. 11 at 11. Nonetheless, Plaintiff does not contest the ALJ's findings regarding "going to a college graduation" nor "attending a fishing retreat" in his Opening Brief. *Id.* at 1–16. Moreover, to the extent that Plaintiff contends that the circumstances of his "isolated travel activities" are not inconsistent with Dr. Golob's opinion regarding, specifically, Plaintiff's ability to sit for more than one hour per day, "[e]ven if the evidence is 'susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

rather, "the medical evidence need only establish that the impairment could reasonably be expected to cause some degree of the alleged symptoms." *Id.*

If a claimant has satisfied the first step, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.* at 1112 (citation omitted). As with all findings by the ALJ, however, the specific, clear, and convincing reasons for rejecting the claimant's testimony about the severity of their symptoms must also be supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1.

At his hearing in 2024, Plaintiff testified, *inter alia*, that he has PTSD, which makes it so that he "do[es]n't want to be around people." AR 50. As for his right shoulder, Plaintiff testified that he experienced pain "most every day[,]"and that "[l]ifting [his shoulder] above [his] head or extending it out, reaching very far, it makes it hurt." AR 54. Accordingly, Plaintiff "tr[ies] not to lift anything too heavy with the right, right hand, right arm. And whenever I need to use my arm, I always hold my elbow into ribs so my shoulder doesn't move as much." *Id.* Plaintiff also testified that he is only able to sit for thirty to forty minutes before needing to move. AR 55.

At his second hearing in 2025, Plaintiff testified, once again that, due to his mental health symptoms, he "just do[es]n't want to be around a lot of people. I'm afraid that, you know, something might happen to me." AR 810. Plaintiff noted that "a lot of people" meant "two or three . . . a roomful of people would be about five people, maybe four . . . I don't like that." AR 810–11. Specifically, "[i]t's just the paranoia that keeps [Plaintiff] . . . away from people." AR 812–13. When asked whether there was "anything other than what we've already talked about that you think would cause you to miss going to work or days from work[,]" Plaintiff did not

mention his right shoulder impairment, responding, "[n]o[,]" AR 816, but later testified that, for his right shoulder, he was "[j]ust enduring the pain." AR 822.

The ALJ found that Plaintiff's severe impairments could reasonably be expected to produce some degree of the symptoms alleged and did not make an affirmative malingering finding. AR 792. The ALJ, therefore, was required to offer specific, clear, and convincing reasons for rejecting Plaintiff's testimony. *See Smith*, 14 F.4th at 1112. Here, the ALJ sought to do so based upon, *inter alia*, Plaintiff's activities of daily living. AR 792. This is a proper basis for an ALJ to discredit a claimant's subjective symptom testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse" subjective symptom determination).

1. <u>Activities of Daily Living</u>

First, the ALJ found that, "despite his impairments, [Plaintiff] estimated that he visited 40 states since 2021 and reported that he primarily travels in a camper van. He reported that he travelled to Mexico on a cruise with his cousin during the period at issue[,] [and] [Plaintiff] stated that he owns 2 properties in Hawaii and rents them out." AR 792. Plaintiff argues that "the adverse symptom . . . finding[ ] rests on a mischaracterization of Plaintiff's isolated travel activities[,]" in that the cruise Plaintiff attended "was a single, several-day trip he did not want to take, undertaken as a favor to his cousin, whose wife had declined to go, during which Plaintiff testified he felt safe, specifically because of the security detail on the ship." Dkt. 11 at 11. Moreover, Plaintiff argues that Plaintiff's "solitary cross-country travel does not establish an ability to sustain frequent interaction with others." *Id.* at 12.

Although Plaintiff contends that the ALJ's finding is a "mischaracterization" of Plaintiff's "isolated travel activities[,]" the Court nonetheless notes that Plaintiff testified to his

"visit[ing] 40 states since 2021" where he was "by [him]self the whole time [and] had to do everything by [him]self[,]" AR 829, despite his purported disability due to, *inter alia*, his right shoulder and his mental health. AR 50, 54, 824. As discussed, *supra*, "[e]ven if the evidence [of Plaintiff's multi-year, daily, solitary travel in a van] is 'susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

Moreover, Plaintiff does not challenge the ALJ's findings that he "owns 2 properties in Hawaii and rents them out[,]" that Plaintiff was able to attend a college graduation in the relevant period, or that he was able to attend a fishing retreat.[4] Dkt. 11 at 1–16. The ALJ found these activities inconsistent with Plaintiff's testimony, but Plaintiff does not challenge these findings. *Id.* Consequently, these specific, clear, and convincing reasons are deemed supported by substantial evidence. *See Nadon*, 145 F.4th at 1138.

Accordingly, the Court concludes that the ALJ did not err in discounting Plaintiff's testimony based upon his activities of daily living.

2. <u>Remaining Grounds</u>

Having found that the ALJ provided clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony, the Court need not consider the ALJ's remaining reasons because any error with respect to those reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion").

//

---

[4] The Court observes that these findings go directly towards Plaintiff's testimony about his mental health, that he "doesn't want to be around people[,]" AR 50, and his testimony regarding his right shoulder impairment, that he is in "pain "most every day[,]"and that "[l]ifting [his shoulder] above [his] head or extending it out, reaching very far, it makes it hurt." AR 54.

**C. RFC**

Finally, Plaintiff contends the ALJ's RFC assessment was erroneous because it did not include limitations supported by the evidence that he contends was improperly evaluated. Dkt. 11 at 13–15. Because the Court concludes the ALJ did not err in considering that evidence, the Court rejects this argument.

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 10th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge